# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-527V
### Filed: March 3, 2020

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

TERRENCE FRANCIS and MICHELLE
FRANCIS, *on behalf of M.F.*,

                        Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

**UNPUBLISHED**

Special Master Katherine E. Oler

Interim Attorneys' Fees and Costs

*Mark Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioners.
*Amy K. Kokot*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 5, 2015, Terrence Francis and Michelle Francis ("Petitioners") filed a petition on behalf of their son, M.F., for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered from Kawasaki disease that was either "caused-in-fact" or significantly aggravated by the DTaP, Hib, IPV, pneumococcal conjugate, and rotavirus vaccines he received on June 14, 2012. Pet. at 1, ECF No. 1.

On August 30, 2019, Petitioners filed an application for interim attorneys' fees and costs,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

requesting a total of $42,338.50.  Fees App. at 2, ECF No. 42.

On September 10, 2019, Respondent filed a response stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp., ECF No. 43.  Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires [R]espondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds that he "defers to [me] to determine whether or not petitioner has met the legal standard for an interim fees and costs award." *Id.* at 2.  Further, Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.*

For the reasons discussed below, I hereby **GRANT IN PART** Petitioners' application and award a total of **$40,644.81** in interim attorneys' fees and costs.

## I.      Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).  In *Cloer,* the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352.  Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.  *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).  Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012).  The undue hardship inquiry looks at

more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at \*2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id.*

## B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at \*1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at \*5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at \*2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at \*1); *Turner*, 2007 WL 4410030, at \*5.

## C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at \*6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at \*3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id. at 286*. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, \*2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99-539V, 2005 WL 1026713, \*2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several

factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Human Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.   Discussion

### A.  Undue Financial Hardship

The parties are scheduled to have an entitlement hearing on October 22 and 23, 2020. Petitioners and their counsel have litigated this claim since 2015 and have worked on the case since 2012. Thus, I find it reasonable to award interim fees and costs at this juncture to avoid any undue financial hardship.

### B.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered. Petitioners has filed extensive medical records in this case. *See* Exs. 1.1-5.2, ECF Nos. 6, 10, 11. Petitioners have also submitted an expert report from Dr. Eric Gershwin. *See* Ex. 6. Such evidence is sufficient to justify filing the petition. As such, I find that the petition has a reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioners' reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioners requests a total of $31,850.03 in attorneys' fees.  Fees App., Ex. A. at 12.

#### i.  Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience.  *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Mr. Mark Sadaka, requests that he be compensated between $337.05 and $406.00 per hour for work performed from 2012 to 2019.  Fees App. at 3.  Mr. Sadaka's requested rates from 2012-2018 are consistent with *McCulloch* and with what Mr. Sadaka has previously been awarded in the Program.  *See, e.g., Nelson v. Sec'y of Health & Human Servs.,* 15-615V (Fed. Cl. Spec. Mstr. Jan. 22, 2018); *Pasquinelli v. Sec'y of Health & Human Servs.*, No. 14-1156V, 2017 WL 6816707 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); *Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Ladue v. Sec'y of Health & Human Servs.,* No. 12-553V, 2018 WL 6978075 (Fed. Cl. Spec. Mstr. Dec. 14, 2018).  However, Mr. Sadaka's requested rate of $406.00 per hour for 2019 exceeds what he has previously requested and been awarded for 2019 work - albeit by only $1.00.  *See Cruz v. Sec'y of Health & Human Servs.*, No. 17-1167V, 2019 WL 4256277, at *2 (Fed. Cl. Spec. Mstr. Aug. 14, 2019); *Jones v. Sec'y of Health & Human Servs.,* No. 12-875V, 2019 WL

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

4013481, at *4 (Fed. Cl. Spec. Mstr. Jul. 31, 2019); *Nemmer v. Sec'y of Health & Human Serv.*, No. 17-1464V, Dkt. No. 56 at 5* (Fed. Cl. Spec. Mstr. Feb 18, 2020).

As noted in my decision in *Nemmer v. Sec'y of Health & Human Servs.*, I informed Mr. Sadaka that his rate could be reduced if he did not re-file outstanding motions for attorneys' fees and costs. *See Nemmer v. Sec'y of Health & Human Serv.*, No. 17-1464V, Dkt. No. 56 at 5* (Fed. Cl. Spec. Mstr. Feb 18, 2020). In light of the recency of this decision, I will not further reduce Mr. Sadaka's hourly rate but I once again encourage him to re-file any outstanding motions. Mr. Sadaka will be awarded an hourly rate of $405.00 per hour for 2019.

Mr. Sadaka requested hourly rates between $337.05 and $396.00 for work done from 2012 to 2018, and rates between $125.19 and $156.00 per hour for work done by paralegals from 2012 to 2019. These rates are consistent with such work previously awarded in the Program.

Accordingly, I find the requested rates for 2012-2018 to be reasonable and that no adjustment is warranted. Mr. Sadaka's rate for 2019 will be reduced from $406.00/hour to $405.00/hour.

### ii. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioners' counsel has provided a breakdown of hours billed and costs incurred. Fees App., Ex. A. I find the hours to be largely reasonable, but a small reduction is necessary due to billing for what appears to be administrative tasks. *See* Fees App. Mr. Sadaka requests to be compensated for receiving and reviewing CM/ECF notifications, including when filings are made by his own paralegals. Mr. Sadaka has been made aware that this is not compensable. *See Nemmer v. Sec'y of Health & Human Serv.*, No. 17-1464V, Dkt. No. 56 at 6* (Fed. Cl. Spec. Mstr. Feb 18, 2020). Thus, I will deduct 1.1 hours of attorney time in 2015 (entries of 0.1 hours on 5/26/2015, 5/28/2015, 6/4/2015, 6/5/2015, 8/24/2015 (2), 10/6/2015, 10/26/2015, 10/27/2015, 12/8/2015, and 12/22/2015), 1.6 hours of attorney time in 2016 (entries of 0.1 hours on 1/5/2016, 1/6/2016, 1/8/2016, 1/29/2016, 3/2/2016 (2), 3/15/2016, 5/16/2016, 5/17/2016 (2), 7/15/2016, 7/18/2016, 9/13/2016 (2), 11/14/2016, 11/17/2016), 1.5 hours of attorney time in 2017 (entries of 0.1 hours on 1/13/2017, 1/27/2017, 3/15/2017, 5/10/2017 (3), 7/12/2017, 9/1/2017, 10/5/2017 (2), 12/5/2017 (2), and entry of 0.3 hours on 3/13/2017), 0.1 hours of attorney time in 2018 (entry

of 0.1 hours on 6/26/2018), and 0.3 hours of attorney time in 2019 (entries of 0.1 hours on 7/1/2019 (2) and 8/28/2019).  An additional reduction of $2.30 for Mr. Sadaka's inflated hourly rate in 2019 is also necessary.

Reductions total to $385.00 (1.1 hours at $350.00/hour) + $580.72 (1.6 hours at $362.95/hour) + $564.57 (1.5 hours at $376.38/hour) + $39.60 (0.1 hours at $396.00/hour) + $121.50 (0.3 hours at $405.00/hour) + $2.30, or **$1,693.69**.  I award all other requested fees in full.

Total attorneys' fees to be awarded: **$30,156.34.**

### D.  Reasonable Costs

Petitioners request a total of $10,488.47 in costs, which includes obtaining medical records, postage costs, the Court's filing fee, and expert witness fees.  Ex. A at 12-13.  I have reviewed the supporting documentation and find this request to be reasonable.  Accordingly, I award it in full.

Total costs to be awarded: **$10,488.47**

## III.    Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioners' application, as follows:

A lump sum in the amount of **$40,644.81**, representing reimbursement of Petitioners' interim attorneys' fees and costs in the form of a check jointly payable to Petitioners and their attorney, Mark T. Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.